## WEIL v. WEIL.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

WITNESSES (§ 220*)—COMPETENCY—PHYSICIANS.

Under Code Civ. Proc. § 834, providing that a physician shall not be allowed to disclose any information acquired in a professional capacity, and section 836, providing that the prohibition is absolute, unless waived by the patient at trial, such evidence is not admissible, though not objected to; the defendant patient making default.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 783, 784; Dec. Dig. § 220.*]

Appeal from Special Term, New York County.

Action by Mae Weil against Sigmund Weil. From an order dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

David C. Myers, of New York City, for appellant.

SCOTT, J. This is an uncontested action for the annulment of a marriage. After hearing the evidence submitted by the plaintiff, the justice presiding at Special Term made an order in the "short form," now authorized by section 767, Code of Civil Procedure, as amended by chapter 368, Laws of 1911, dismissing the action. From this plaintiff appeals, treating it as a judgment.

While we are not convinced that the action should have been dismissed for the reason given by the justice at the close of the testimony, we are of opinion that the dismissal was right, because there was no legal evidence of the existence of the disability of which plaintiff complains. There was evidence given by a physician, but this was clearly incompetent, and should not have been received. Section 834 of the Code of Civil Procedure provides that a physician "shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." That is precisely what the physician was allowed to do in the present case. It is of no consequence that the defendant was not present to object to the evidence. The Code does not provide that such evidence may be received, if not objected to. The prohibition is absolute, that the physician shall not be allowed to testify, and it remains effective, unless the provisions are expressly waived on the trial by the patient. Section 836, Code Civ. Proc. The court should have refused to receive the evidence, and, if it was received inadvertently, should have disregarded it. If it was disregarded, there was no evidence in the case to uphold the allegations of the complaint.

The order was right, and is affirmed. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes