## MULLIGAN v. SINSKI.

(Supreme Court, Appellate Division, Second Department.    March 20, 1913.)

1. WITNESSES (§ 220*)—CONFIDENTIAL COMMUNICATIONS—OBJECTIONS—SUFFICIENCY.

The party objecting to the disclosure by a physician of information required in a professional capacity, and which was necessary to enable him to act in that capacity, must show that the testimony sought to be elicited is within the prohibition of the statute.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 783, 784; Dec. Dig. § 220.*]

2. WITNESSES (§ 75*)—COMPETENCY—OBJECTIONS—SUFFICIENCY.

A general objection to the incompetency or immateriality of testimony is insufficient to raise the question of the competency of the witness to testify on that subject.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 189, 193, 194; Dec. Dig. § 75.*]

3. WITNESSES (§ 220*)—CONFIDENTIAL COMMUNICATIONS—OBJECTIONS—SUFFICIENCY.

In an action on a note, defended on the ground that the deceased maker was incompetent to execute it by reason of delirium tremens, a question asked her physician as to what he treated her for about the time of its execution was objected to on other grounds than the witness' incompetency. A question on the same subject was objected to on the ground that the witness was incompetent, under Code Civ. Proc. § 834, forbidding a physician disclosing information acquired in a professional capacity, and, after an attempted waiver by her executor, the further objection made that no waiver was authorized by the statute. The objection to one of the subsequent questions made no specific reference to section 834, but the final question on this subject, as to whether deceased was rational or irrational, was objected to as not being a proper case in which the physician could express an opinion. *Held* that, taking all the questions together, it was plain that defendant was objecting to the witness' competency to testify, and advantage could not be taken of the rule that attention must be called specifically to the ground of objection, especially as the witness' incompetency could not have been remedied.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 783, 784; Dec. Dig. § 220.*]

4. WITNESSES (§ 219*)—PRIVILEGED COMMUNICATIONS—WAIVER.

Under Code Civ. Proc. § 834, providing that a physician shall not be allowed to disclose information acquired in a professional capacity, and which was necessary to enable him to act in that capacity, and section 836, providing that a physician may testify as to the mental or physical condition of a deceased patient, except as to facts which would tend to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

disgrace the memory of the patient, when the provisions of section 834 are waived by the personal representatives of the patient, a deceased patient's executor could not waive the privilege, so as to authorize a physician to testify that the patient was mentally incompetent to make a note by reason of delirium tremens, caused by the excessive use of intoxicating liquors, as this would tend to disgrace her memory.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 769, 781, 782: Dec. Dig. § 219.*]

5. APPEAL AND ERROR (§ 926*)—REVIEW—PRESUMPTIONS.

Where the answer, in an action on a note, alleged that the maker was incompetent to execute it by reason of delirium tremens, it would be presumed that a question asked a physician, as to whether the deceased maker was rational or irrational, was intended to elicit testimony that she was incompetent for the specific reason set forth in the answer; and hence that it was properly excluded, notwithstanding an attempted waiver of the patient's privilege by her executor, as calling for testimony tending to disgrace the patient's memory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730, 3735-3747; Dec. Dig. § 926.*]

Appeal from Richmond County Court.

Action by James E. Mulligan against George Sinski, as executor of Mary Sinski, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

William C. Casey, Jr., of New York City (George M. Pinney, of New Brighton, on the brief), for appellant.

Frank H. Innes, of New Brighton, for respondent.

BURR, J. Defendant appeals from a judgment of the County Court of Richmond county, entered upon the verdict of a jury directed by the court. The action is brought upon a promissory note, dated September 9, 1909, by which, six months after date, Mary M. Sinski, defendant's testator, promised to pay to Antoni Stanko or order $625. There was competent evidence of the making of the note and of its indorsement before maturity, and that it was given for a valid consideration, and this evidence was not disputed. Defendant set up, among other defenses, that the maker of the note was addicted to the use of intoxicating liquors and alcoholic drinks "to such an excess as to make her mentally incompetent and irresponsible for her actions," and that at the time the said note was executed "she was suffering from a disease known as delirium tremens, caused by the excessive use of intoxicating liquors and alcoholic drinks, * * * and that by reason thereof she was mentally incompetent, and was incapable of executing or making any note, as alleged in the complaint herein." Upon the trial of the action defendant called as a witness a physician, whose professional qualifications were conceded, and proved by him that he treated the deceased during September and October, 1909. It appeared that the date of her death was November 1, 1909. He was then asked what he treated her for, and plaintiff's counsel objected to the testimony as incompetent, immaterial, irrelevant, and not binding upon the plaintiff;

that no proper foundation had been laid. This objection was sustained. The witness was then asked:

"What did you find her condition to be as to soberness or intoxication?"

Objection was then interposed, not only to the testimony as being incompetent, immaterial, irrelevant, and not binding upon the plaintiff, but upon the ground that, being a physician, the witness "is not permitted to testify, under section 834 of the Code of Civil Procedure." This section provides that:

"A person duly authorized to practice physic or surgery * * * shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity."

The defendant then withdrew the witness and, himself taking the stand, stated in open court:

"I consent that the doctor should testify as to the condition of my wife during the time that he treated her. I have absolutely no objection. I waive any claim to professional privilege, or anything of that kind."

The physician was then recalled to the stand and again asked:

"What did you find her condition to be as to soberness and intoxication?"

Objection was then made to the testimony as incompetent, immaterial, and irrelevant; and that no waiver whatever can be given for matter which, as stated in section 836 of the Code, would tend to disgrace the memory of the patient, which this does. That question was thereupon withdrawn, and the witness was asked:

"Doctor, can you state, from your examination of the deceased and the treatment that you gave her, what was her mental condition?"

That was objected to as incompetent, immaterial, and irrelevant, not a proper subject of opinion, and no facts stated upon which an opinion could be based. The objection was sustained. The witness was then asked, after testifying that he treated her until she died, "What did she die of?" That was objected to as incompetent, immaterial, and irrelevant, and the objection was sustained. The witness was then asked, "Can you state whether she was rational or irrational?" and objection was made to the question as incompetent, immaterial, irrelevant, and not a proper case in which the doctor can express an opinion. That objection was sustained, and an exception taken. The correctness of these rulings presents the only question in this case.

[1, 2] The rule is well settled that a party objecting to the disclosure by a physician of information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity, must show that the testimony sought to be elicited is within the prohibition of the statute. Griffiths v. Met. St. Ry. Co., 171 N. Y. 106, 63 N. E. 808; People v. Austin, 199 N. Y. 446, 93 N. E. 57; People v. Schuyler, 106 N. Y. 298, 12 N. E. 783. A mere general objection to the incompetency or immateriality of testimony is not sufficient to raise the question of the competency of the witness to testify upon the subject. Stevens v. Brennan, 79 N. Y. 254; Sanford v. Ellithorp, 95 N. Y. 48.

[3] It is quite probable that the objection to the first question asked of the witness, "What did you treat her for?" was not sufficiently specific to present the question of his incompetency; but when the subject was further pursued by the plaintiff's counsel objection was specifically made to his competency to testify by reason of the prohibition contained in section 834 of the Code of Civil Procedure. After the attempted waiver, objection was further made, and, again, it must be apparent that the objection was intended to reach the competency of the witness; for it attacked the sufficiency of the attempted waiver. It is true that when one of the subsequent questions was asked specific reference was not made to the section of the Code; but the final question, as to whether the deceased was rational or irrational, was objected to upon the ground that this was not a proper case in which the doctor could express an opinion. Taking the entire case together, we think it can hardly be claimed that it was not the purpose of the counsel for plaintiff to prevent the witness from testifying as to information which he acquired in attending a patient in a professional capacity, and that both his adversary and the court were thus advised. We think this is not a case where advantage can be taken of the rule that attention must specifically be called to a defect in the character of the testimony offered, in order that, if possible, such defect may be supplied. This was not a case where any change could be made with respect to the competency of the witness.

[4] The remaining question in the case, therefore, is, Was defendant's waiver sufficient? The statute provides that:

"The last three sections [including section 834, relating to the competency of a physician] apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. But a physician or surgeon * * * may upon a trial or examination disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications *and such facts as would tend to disgrace the memory of the patient,* when the provisions of section 834 have been expressly waived on such trial or examination by the personal representatives of the deceased patient." Code Civ. Proc. § 836.

The power of a personal representative of a deceased patient is not as broad as that of the patient himself. The latter's power to waive the prohibition of the statute is unlimited. The former is forbidden, among other things, to waive the disclosure of information which would "disgrace the memory of the patient." It would certainly tend to disgrace the memory of the dead to be permitted to prove that at the time of the making of an alleged contract the deceased was mentally incompetent to make the same by reason of the existence of a disease known as delirium tremens, caused by the excessive use of intoxicating liquors and alcoholic drinks.

[5] The competency of the witness to testify and the effect of the waiver must be determined in connection with the allegations of the answer. Although one of the questions as to testator's mental condition and whether she was rational or irrational was general in character, it must be presumed that the object of the interrogation was to

elicit testimony that the deceased was incompetent for the specific reasons set forth in the answer. Decedent's physician was not a competent witness to testify to this, and defendant could not waive this incompetency, since his testimony, if given, and if it sustained the allegations of the answer, would have disgraced the memory of the deceased.

The judgment appealed from should be affirmed, with costs. All concur.