ELIZABETH WOLFSON, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

Argued June 18, 1942; decided July 29, 1942.

*Harris Jay Griston* and *Alexander Schwartz* for appellant. Whether the death was due to the accident of a fall on the slippery, icy sidewalk, or to a purported heart condition presented a question of fact for the jury. (*Sagendorf* v. *Prudential Ins. Co.*, 249 App. Div. 687; *MacNair* v. *Commercial Travelers Ins. Co.*, 249 App. Div. 732; 275 N. Y. 630; *Slavin* v. *Metropolitan Life Ins. Co.*, 249 App. Div. 805; *Breese* v. *Fidelity & Casualty Co.*, 247 App. Div. 850; *Thurber* v. *Commercial Travelers Ins. Co.*, 51 App. Div. 608; *Wachtel* v. *Equitable Life Assur. Society*, 241 App. Div. 172; *Larkin* v. *Inter-State Casualty Co.*, 43 App. Div. 365; *Kay* v. *Travellers Ins. Co.*, 242 App. Div. 798; 266 N. Y. 671; *Jensen* v. *Commercial Travelers Ins. Co.*, 247 App. Div. 835; *Loewenthal* v. *Commercial Travelers Mut. Acc. Assn.*, 253 App. Div. 583.)

*William B. Moore* for respondent. Because a verdict in favor of the plaintiff would have been unsupported by the evidence, the trial court was required to direct a verdict in favor of the defend-

ant. (*Smith* v. *Massachusetts Bonding & Ins. Co.*, 207 App. Div. 682; 241 N. Y. 558; *McMartin* v. *Fidelity & Casualty Co.*, 264 N. Y. 220; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Collins* v. *City of New York*, 185 App. Div. 586.)

PER CURIAM. The evidence presented an issue of fact as to whether or not the insured died as the result of a pre-existing heart condition.

The judgments should be reversed and a new trial granted with costs to appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.