CELIA URSANER, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, June 22, 1948.

*David R. Crow* of counsel (*Tanner, Sillcocks & Friend,* attorneys), for appellant.

*Albert A. DuPont* of counsel (*Stephen J. Masse* with him on the brief; *Austin & DuPont,* attorneys), for respondent.

*Per Curiam.* Under the specific terms of the insurance policy, the double indemnity which is here alone in question, was payable only on proof of the insured's death as the result of bodily injuries through accidental means independently of all other causes and "that death shall not have been the result of \*  \*  \* or contributed to, directly or indirectly, or wholly, or partially, by disease, or by bodily \*  \*  \* infirmity \*  \*  \*."

The court charged, without exception or objection by plaintiff, that the burden of proof was on plaintiff and further charged that before plaintiff could recover the jury " must find that the death of the insured was caused solely through external, violent, and accidental means, *and that his death was not caused or contributed to, directly or indirectly, or wholly or partially, by disease or by bodily or mental infirmity.*" (Italics ours.) Such proof need not be by direct evidence but may be by circumstantial evidence. However, in this record there was no proof, medical or otherwise, direct or circumstantial, that the insured's death was not caused directly or indirectly by his known, admitted and serious heart disease. In this respect the jury's verdict is contrary to the charge that is the law of the case, contrary to the evidence, and there is no evidence to support that essential part of plaintiff's proof under the law of the case. Circumstances equally consistent with several hypotheses prove none and the party having the burden must fail (*Pennsylvania R. R. Co.* v. *Chamberlain,* 288 U. S. 333).

Plaintiff offered no medical testimony except the deposition of Dr. Edwin C. Thomas, county physician of Dade County, Florida, who signed the death certificate and examined the body, but without an autopsy, on November 18, 1944, the day after the insured's death in Florida. On direct examination for plaintiff,

Dr. Thomas testified that the chest injury *could have* caused the death. On cross examination for defendant he testified that the insured *could have* had a heart involvement and been unconscious when he hit the telegraph pole. While it is true that this doctor wrote into the certificate of death that death was caused by a crushed chest, this certificate is not evidence of the cause of death, but only of the fact of death (*Beglin* v. *Metropolitan Life Ins. Co.*, 173 N. Y. 374), and its author would not go so far as to state that this was his opinion in his testimony at the trial. He stated that the insured's heart disease could have caused his death and that, in his opinion, death could have been caused either by hitting the pole or by a previous heart attack. On such proof the jury could only speculate as to the cause or contributing cause of death.

The physical facts fairly indicate that when the car hit the telegraph pole it was not being driven or controlled. Thus there were no skid or other marks either on the paved portion of the highway or over the course which the car took when it left the highway, the ignition key was in the " on " position, and the shifting lever was in high gear. The collision was so violent that the telegraph pole was broken in two near its base.

In *Wolfson* v. *Metropolitan Life Insurance Co.* (289 N. Y. 70) the plaintiff testified to good health and defendant to a heart condition. In this case the record established a progressive heart condition so serious that decedent had been receiving disability payments for eleven years because he was totally and permanently disabled with incurable coronary heart disease. The insured's own physician, Dr. Morris A. Cohn, had testified in 1933, for the insured in a prior suit against this company to establish total and permanent disability. In that suit the insured's claim was that he was then " suffering from arteriosclerosis, myocardial damage, and angina pectoris with coronary involvement." (*Ursaner* v. *Metropolitan Life Ins. Co.*, 146 Misc. 121.) On this trial the same doctor for defendant testified that the insured had coronary heart disease since 1931, with enlargement of left ventricle, causing myocardial damage; that since 1934 he had cardiac asthma, substernal heart pain, shortness of breath, and hardening of the arteries; that the heart disease was serious, progressive and incurable and the heart was becoming continually weaker. From 1933 to 1944 (the year of death), the same doctor had each year certified to the insurance company that the insured was totally and permanently disabled from this serious and incurable heart condition. These facts clearly distinguish this case from the *Wolfson* case (*supra*).

In *Gittelson* v. *Mutual Life Ins. Co.* (266 App. Div. 141) there was conflict of medical testimony as to whether the accidental injuries were the sole cause of death.

We find no sufficient conflict in the evidence adduced here to support the finding of the jury, which appears to rest upon conjecture rather than any reasonable inference from the proof.

On this record there was no proof, direct or circumstantial, to establish that the insured's death was solely due to accidental injuries independent of his extreme and progressive heart disease.

The judgment in plaintiff's favor should be reversed, with costs, and the complaint dismissed, with costs.

PECK, P. J., DORE, CALLAHAN and VAN VOORHIS, JJ., concur; GLENNON, J., dissents and votes to affirm.

Judgment reversed, with costs and the complaint dismissed, with costs. Settle order on notice.