FRED F. LA PLANTE, as Committee of the Person and Estate of MARY C. LA PLANTE, an Incompetent Person, Respondent, v. JANE S. GARRETT, Individually and Doing Business as JOHN B. GARRETT, Appellant. FRED F. LA PLANTE, Respondent, v. JANE S. GARRETT, Individually and Doing Business as

JOHN B. GARRETT, Appellant.— Appeal from an order of the Special Term of the Supreme Court, Albany County. The wife's action seeks recovery for personal injuries due to negligence and the husband's action seeks recovery for medical and other expenses and loss of services. Among other things it is alleged that the wife "lost her sanity" as the result of her injuries. The court at Special Term has granted defendant's motion to allow a mental and physical examination of the plaintiff wife, but it has denied defendant's motion to allow an examination of the hospital's records where the injured plaintiff was treated for mental illness. These records are privileged (Civ. Prac. Act, § 352; *Jaffe* v. *City of New York,* 196 Misc. 710). The privilege has not been waived actually by the committee or waived constructively by the mere fact of instituting the action for the injuries. It is a privilege that may be waived at the trial or on an examination. (Civ. Prac. Act, § 354.) The court upon the trial will be free to decide whether the proof offered by plaintiff constitutes a waiver and will allow appropriate time and opportunity to defendant in the event a waiver results to subpœna, examine and test the correctness of such hospital records as may then become material to the issue tendered. In *Matter of Warrington* (*State of New York*) (303 N. Y. 129) the application under the Mental Hygiene Law was made by the committee. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.