Eilperin, J.
Application is made to this court for an order (1) authorizing and directing the director of the Pilgrim State Hospital to permit a physical examination of a patient in such institution by a qualified physician, and (2) to produce all records at Pilgrim State Hospital pertaining to the care and treatment and diagnosis of said patient.
*266 The application is made in connection with a claim for compensation on behalf of such patient which is now pending before the Workmen’s Compensation Board. It is made, however, not on her behalf (Matter of Warrington [State of N. Y.], 303 N. Y. 129, 136), but on behalf of the insurance carrier for the employer who is, at least nominally, an adverse party.
How or when the claimant became an inmate of this State institution for the insane the papers presented on this application do not disclose, nor do they disclose whether or not there has been any formal adjudication of incompetency. In any event, they fail to reveal the appointment of a committee, which would appear to be a requisite step before further judicial proceedings could be taken on her behalf. The moving affidavit, reciting the circumstance of incompetency, asserts that the application is addressed to the Supreme Court because, by the provisions of statute, inmates of State institutions are placed under the court’s jurisdiction, which is true (Civ. Prac. Act, art. 78), but section 1358 of the Civil Practice Act specifically provides, and ample judicial precedent prescribes, that such control is to be exercised through the medium of a duly appointed committee of the person or property, or both (Matter of McGuinness, 290 N. Y. 117,118; Matter of Frank, 283 N. Y. 106, 111). Incompetent persons become the wards of the court where the circumstance of such incompetency appears and whether or not such incompetence has been adjudicated and whether or not a committee has been appointed (Wurster v. Armfield, 175 N. Y. 256, 262; American Mtge. Co. v. Dewey, 106 App. Div. 389, 392). Proper procedure would be to hold the proceeding in abeyance “until a committee or next friend may be appointed ” (Dudgeon v. Watson, 23 F. 161; see generally, 10 Carmody on New York Practice, § 885; 32 C. J., Insane Persons, p. 781, and Civ. Prac. Act, §§ 207, 1374).
In proper circumstances, statutory provision is made for the examination sought (Workmen’s Compensation Law, § 13-a, subd. [4]). Such statute specifically provides, however, that the examination shall be had “ in the presence of the claimant’s physican,” obviously one of claimant’s selection. An insane or incompetent person cannot legally exercise such volition. An institutional physican or one appointed by the director of the State hospital or even by this court, except where a committee has been appointed, would not, in my opinion, meet this requirement.
In proper circumstances, also, production of records relating to an inmate of a State mental institution may be required to be produced by court order (Mental Hygiene Law, § 34, subd. 9).
*267 When so produced, however, the data therein are still subject to the general statutory provisions dealing with confidential or privileged Communications unless waived in the manner prescribed in section 354 of the Civil Practice Act, or otherwise, on behalf of the person concerned, as indicated in the Warrington case (supra). (La Plante v. Garrett, 282 App. Div. 1096; Woernley v. Electromatic Typewriters, 271 N. Y. 228; Westphal v. State of New York, 191 Misc. 688.)
There is attached to the moving papers a purported consent on behalf of the claimant given by her attorneys in the compensation proceeding, evidently an attempted compliance with the waiver provisions of section 354 of the Civil Practice Act. These waiver provisions again derive from the voluntary act of the person affected, a volition she is unable legally to exercise. Under the situation revealed, the attorneys who appeared for her are without power to exercise it for her, incompetence, like death itself, terminating any prior authority (Merritt v. Merritt, 27 App. Div. 208).
For the reasons stated, this application is denied.