■ In the Matter of ANTHONY J. DE ANDRADE, as President of the International Printing Pressmen and Assistants Union of North America, Petitioner, v. H. MYRON LEWIS et al., Constituting the Board of Standards and Appeals, Respondents.— Petitioner, a bona fide labor union, applied pursuant to section 208 of the Labor Law for the registration of three of its labels identified as " Printing Specialties and Paper Products ", " Offset Printing " and " Printing Inks Roller Products ". Thereafter the Industrial Commission published in the *Industrial Bulletin* the fact of petitioner's application following which petitions for their cancellation were received from " The Allied Printing Trades Council of Greater New York " and five other labor organizations. Their complaints were referred to the board which conducted the mandated statutory hearing at which the issues originally presented were narrowed to the question whether petitioner's devices were so similar to the previously filed labels of Allied that they were calculated to deceive. (§ 208, subd. 4.) The board permitted the registration of petitioner's " Printing Inks Roller Products " label, used in 18-point type only, but by majority vote denied registration to those designated separately as " Printing Specialties and Paper Products " and " Offset Printing ". The rationale of its decision is stated as follows: " In the larger sizes the labels under attack are readily distinguishable and are not objectionably similar. However, the Printing Specialties Paper Products label and Offset Printing label are generally by

physical necessity used in small sizes. When they are so used they bear in comparison with the Allied label a degree of similarity in appearance which in our judgment is such as to make it likely that inadvertent deception of the buying public would occur through mistaking either of them for the Allied label. This similarity of general outline, shape and appearance arises primarily from the fact that each of these labels is an elongated hexagon positioned with the long axis horizontal, while the Allied label is an elongated oval positioned with its long axis horizontal. This resemblance of the said two labels to the Allied label, when they are used in the small sizes, renders them unlikely to be readily distinguished from the Allied label and apt to be mistaken for it, despite the distinguishing legends, which in the small sizes become illegible and unnoticeable". It concluded that cancellation should be decreed "upon the ground that each of the said labels constitutes a device so similar to a device previously filed that, in the words of the statute, 'it is calculated to deceive'." In a proceeding instituted pursuant to article 78 of the Civil Practice Act, transferred to this court by order of Special Term (Civ. Prac. Act, § 1296), petitioner seeks to review and annul the board's determination to the extent that it denied registration. "In a proceeding such as this * * * the record may be examined only to ascertain whether there is 'substantial evidence' to justify the administrative determination." (*Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327, 331–332.) The rejected labels themselves, considered in all aspects of their design, provide ample proof to support the board's finding of their confusing similarity and its conclusion that they would be likely to deceive. They are not rendered evidentially insubstantial because an argument can be made that their dissimulative qualities point to a different result. A divergence of opinion in respect to the similarity of the devices and the likelihood of their deception presents a question as to the weight of the evidence which the courts are powerless to review. (*Matter of Burke* v. *Bromberger,* 300 N. Y. 248, 250; *Matter of Miller* v. *Kling,* 291 N. Y. 65, 69.) There was warrant in the record and a reasonable basis in the law for the board's determination. (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 75; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108.) Federal cases dealing with the weight of the evidence after common-law trials bear no relevancy to the rules applicable to article 78 procedure. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.