Bernard S. Meyer, J.
This motion for a new trial, made pursuant to CPLR 4404 (subd. [a]) and 4405, is predicated upon three grounds. The reasons for the court’s rulings on two of the grounds were sufficiently stated on the record and will not be discussed further. The third ground is that it was error to allow into evidence that part of the Central Islip Hospital record dealing with alcoholism and tending to show that decedent was an alcoholic.
Since the moving papers do not include a stenographic transcript, what follows is based upon the court’s notes and recollection. The evidence in question was admitted on the issue of contributory negligence. It was defendants’ contention that decedent was intoxicated at the time he was struck. Plaintiff’s objection to admission of the record was that prior intoxication is not competent proof of intoxication at the time of the accident. Recognizing the validity of the rule which excludes evidence of chronic alcoholism where there is no other evidence of intoxica *718 tion at the time of the accident (see Miller v. City of New York, 286 App. Div. 1033, mot. for lv. to app. den. 1 N Y 2d 643), the court concluded that since there was such evidence in this case, the evidence of prior treatment for alcoholism was admissible. In the exercise of the discretion granted by Mental Hygiene Law (§§ 20; 34, subd. 9), those portions of the record dealing with decedent’s treatment for alcoholism were, therefore, admitted, and the jury was charged that the fact that decedent had been treated for alcoholism was not, standing by itself, evidence that he was intoxicated at the time of the accident and could be considered by them only in conjunction with the other evidence of intoxication at the time of the accident in deciding whether it was reasonable to infer that he was in fact intoxicated at that time.
After the jury returned a verdict for defendants, plaintiff’s attorney moved to set aside the verdict, advancing for the first time the argument that CPLR 4504 (subd. [e]) made the alcoholism portions of the hospital record inadmissible because they tended to disgrace the memory of decedent. The motion was denied on the ground that plaintiff had waived the privilege by failing to assert it when the evidence was offered. In the present motion papers, plaintiff urges that, as to evidence which tends to disgrace the memory of a decedent, the privilege cannot be waived.
The issue thus presented involves both CPLR 4504 and Mental Hygiene Law (§§ 20; 34, subd. 9). In Matter of Warrington (State of New York) (303 N. Y. 129) the Court of Appeals held that the Mental Hygiene Law sections need not be read together with the privilege sections of the Civil Practice Act now embodied in CPLR 4504, but in Matter of Coddington (307 N. Y. 181, 194-195) held privileged and, therefore, inadmissible hospital records produced pursuant to an order made under the Mental Hygiene Law sections (see, also, Matter of Lanham, 1 Misc 2d 264; Jaffe v. City of New York, 196 Misc 710; Kinbacher v. Schneider, 194 Misc 969; and cf. Mulligan v. State of New York, 277 App. Div. 437, revd. sub nom. Matter of Warrington [State of New York], 303 N. Y. 129). Whether the distinction be that in Matter of Warrington (supra), the State was attempting to protect itself against a negligence claim by the deceased patient’s administrator (see Scolavino v. State of New York, 187 Misc. 253, mod. 271 App. Div. 618, affd. 297 N. Y. 460) or as suggested in La Plante v. Garrett (282 App. Div. 1096, mot. for lv. to app. den. 283 App. Div. 987) that in Matter of Warrington, the application was made by the committee, or as a close reading of the cases indicates that Warrington dealt *719 only with the power to order the records produced while Goddmgton concerned admissibility, the court concludes that the Mental Hygiene Law sections did not authorize it in this case to admit evidence which is privileged under CPLR 4504.
With respect to CPLR 4504 (subd. [c]), the court agrees that, as to “ information which would tend to disgrace the memory of the decedent ”, there can be neither an express waiver nor a waiver by failure to object (Matter of Coddington, 307 N. Y. 181, 193, supra; Eder v. Cashin, 281 App. Div. 456; see Weil v. Weil, 151 App. Div. 622; Twenty-first Annual Report of N. Y. Judicial Council [N. Y. Legis. Doc., 1955, No. 23], p. 75; but see Prince, Evidence, 14 Syracuse L. Rev. 377, 381). What disgraces memory, since it relates to the admission of evidence, is a question for the Trial Judge to decide (Bolts v. Union Central Life Ins. Co., 20 N. Y. S. 2d 675) and turns on whether the act would be viewed as disgraceful by common men (Eder v. Cashin, supra). Evidence that a decedent was mentally incompetent to make a contract ‘ ‘ by reason of the existence of a disease known as delirium tremens, caused by the excessive use of intoxicating liquors and alcoholic drinks ’ ’ has been excluded as disgracing memory (Mulligan v. Sinski, 156 App. Div. 35, 39, affd. 214 N. Y. 678). That case differs from this in the extent to which the alcoholism had progressed and it can also be argued that alcoholism is a disease not involving moral fault (see Powell v. Texas, 392 U. S. 514, 522-524 and dissenting opn. at p. 561). Society’s attitude toward alcoholics is, however, less charitable than that of the medical profession and still associates alcoholism with shame (ibid. pp. 527, 531); (see Matter of White, 2 N Y 2d 309). Because the privilege accorded by CPLR 4504 to information disgracing decedent’s memory cannot be waived, neither the bringing of the action (see Ann. 21 ALR 3d 912) nor the relevance of alcoholism to the issue of damages (Miller v. City of New York, 286 App. Div. 1033, mot. for lv. to app. den. 1 N Y 2d 643; Eder v. Cashin, 281 App. Div. 456, supra; Lindsay v. Sperry, 244 App. Div. 860; Fearon v. New York Life Ins. Co., 162 App. Div. 560; see Ann. 99 ALR 2d 972, 984) makes privileged hospital records admissible in proof of alcoholism (Eder v. Cashin, supra). The court concludes, therefore, that it erred in admitting those parts of the hospital record concerning alcoholism.
Such an error does not, however, require the granting of a new trial unless the opponent of the evidence was prejudiced (Matter of See, 241 App. Div. 525). There is no rule, other than CPLR 4504 (subd. [c]) which excludes evidence of facts material and relevant to the issue because involving disgrace (Turnpike-Road Co. v. Loomis, 32 N. Y. 127, 137; Gould v. Gould, 201 App. *720 Div. 674; see Lohman v. People, 1 N. Y. 379; 8 Wigmore, Evidence [McNaughton Rev.], §§ 2215, 2255). Evidence of chronic alcoholism in a form not protected by CPLR 4504 (subd. [c]) is, therefore, admissible notwithstanding that it disgraces memory. In addition to the hospital record, there is in evidence the death certificate which, under “ other significant conditions ”, refers to psychosis due to alcohol. However, the death certificate, though admissible to prove the fact of death, is as to cause of death subject to the same nonwaivable privilege against disgracing the memory of decedent as is the hospital record (Rudolph v. John Hancock Mut. Life Ins. Co., 251 N. Y. 208, 214; Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159; Buffalo Loan Trust Safe Deposit Co. v. Knights Templar & Masonic Mut. Aid Assn., 126 N. Y. 450; see Matter of Bakers Mut. Ins. Co. [Dept. of Health], 301 N. Y. 21) if it is admissible at all to prove cause of death (cf. Ursaner v. Metropolitan Life Ins. Co., 274 App. Div. 77, affd. 299 N. Y. 730 with Gioia v. State of New York, 22 A D 2d 181, and Duffy v. 42nd St. Manhattanville & St. Nicholas Ave. Ry. Co., 266 App. Div. 865, and see Ann. 21 ALR 3d 418).
Also before the jury was testimony of plaintiff, the decedent’s son, that his father had a drinking problem a long time before the accident. Though that testimony was properly before the jury and though the jury never requested that either the hospital record or the death certificate be given to them in the jury room, the court cannot say that without the inadmissible portions of those two documents, the details and meaning of both of which were explored during the testimony of Doctor Rusnack, the jury would have reached the conclusion it did. The error must, therefore, he deemed prejudicial (see Eder v. Cashin, supra) and a new trial granted.