OPINION OF THE COURT
Julius Vinik, J.
Defendant moves to vacate his judgment of conviction on the grounds that the prosecutor did not inform him that the complaining witness was an alcoholic at the time of the *694 alleged crimes and that she received treatment from a police department psychologist soon thereafter (CPL 440.10 [1] [b], [g], M).
Defendant was convicted of burglary in the first degree (Penal Law § 140.30) and various sex crimes in August of 1985 and subsequently sentenced.[1] The evidence at trial established that early one morning, a man entered the home of the victim, Theresa Scotti, and her husband, Frank Scotti, a police officer. This man tied up Frank Scotti and repeatedly raped, sodomized and sexually abused his wife. At the trial, Mrs. Scotti identified defendant as the perpetrator and recounted her ordeal; Mr. Scotti was unable to identify the defendant.
Defendant bases his allegations on information divulged by Mr. Scotti at the latter’s plea allocution in July of 1986 on an unrelated matter. At this allocution, Mr. Scotti made reference to his wife’s drinking problem, which required institutionalization, and alluded to her treatment by a police department psychologist. From these statements, defendant asserts, in conclusory fashion, that Mrs. Scotti was an alcoholic for some time prior to the commission of the crimes of which defendant was convicted, and that this condition lasted at least until the conclusion of the trial.[2] Defendant has not supplied any further information to support these allegations.
CPL 440.10 (1) (h)
BRANCH OF DEFENDANT’S MOTION
It is well established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment” (Brady v Maryland, 373 US 83, 87; accord, People v Simmons, 36 NY2d 126, 131-132). Three factors to consider in determining whether a Brady violation has occurred are: suppression by the prosecutor; the evidence’s favorable character to the defense; and the materiality of the evidence (Moore v Illinois, 408 US 786, 794-795, reh denied 409 US 897).
(A) SUPPRESSION
There must be suppression by the prosecutor, since Brady is *695 inapplicable to evidence not in the prosecutor’s possession (United States v Bibby, 752 F2d 1116, 1125, cert denied — US —, 106 S Ct 1183; United States v Escobar, 674 F2d 469, 479). Where, as here, the prosecutor did not actually possess the alleged psychological file, it must be shown that possession can be imputed to the prosecution; that is, that the prosecution constructively possessed the file.
Imputation rests on the theory that although the prosecutor may not be in actual possession of certain material, access— justifies charging him with its constructive possession (People v Price, 100 Misc 2d 372, 382); thus, knowledge possessed by all members of the prosecutor’s office will be imputed to the prosecutor(s) actually handling the case (Giglio v United States, 405 US 150, 154). Moreover, knowledge by police personnel, who have investigated a particular case, will be imputed to the prosecution (United States v Butler, 567 F2d 885, 891; Smith v State, 492 So 2d 260 [Miss 1986]). Indeed, the police department may have an independent Brady obligation itself (People v Springer, 122 AD2d 87, 90; People v Russo, 109 AD2d 855, 856).
However, there can be no imputation to the prosecution of privileged material, since the prosecution lacks control over such material (People v Mayers, 100 AD2d 558, 559).[3] Since defendant concedes that the alleged psychological file is privileged, there has been no "suppression” by the prosecution and no dereliction of its Brady obligation.[4] Similarly, the police *696 department has not disregarded its Brady duty, if such a duty exists at all, since the privileged nature of the alleged file prevents the police department from exercising control over it.
Defendant next contends that the information possessed by Mr. Scotti regarding his wife’s condition, including institutionalization, must be imputed to the prosecution since Mr. Scotti is a police officer.
This contention is without merit. Defendant has not established that as a police officer, Mr. Scotti acquired knowledge of his wife’s condition through his participation in this investigation (United States v Morell, 524 F2d 550, 555; cf, Pina v Henderson, 752 F2d 47, 49). Mr. Scotti gained knowledge of his wife’s condition, if at all, in his capacity as a husband and not as a police officer, and on this basis his knowledge cannot be imputed to the prosecution (People v Bracy, 98 Misc 2d 346, 351, affd sub nom. People v De Pasquale, 75 AD2d 751, affd 54 NY2d 693). Indeed, defendant has not adduced any facts showing that Mr. Scotti even possesses any relevant information, save the equivocal plea allocution minutes. Moreover, assuming defendant can make this showing, he has not addressed the issue of whether the marital privilege (CPLR 4502 [b]) prohibits revelation of such information.
Therefore, the knowledge acquired by Mr. Scotti pertaining to his wife’s alleged alcoholic condition cannot be charged to the prosecution.
(B) evidence’s favorable character to the defense
The evidence must be favorable to the defense. However, this is not limited to evidence pertaining solely to defendant’s guilt; indeed, in appropriate cases, impeaching evidence may fall within the ambit of the Brady doctrine (Giglio v United States, 405 US 150, 154, supra; People v Cwikla, 46 NY2d 434, 441).
Evidence of chronic alcoholism, standing alone, is inadmissible to impeach a witness’s character (McCormick, Evidence § 45 [3d ed]) or to allow a jury to infer that the witness was intoxicated at a particular time (Tinney v Neilson’s Flowers, 61 Misc 2d 717, 718, affd 35 AD2d 532; Miller v City of New York, 286 App Div 1033, lv denied 1 NY2d 643). Moreover, evidence of intoxication on prior occasions is generally inadmissible to allow an inference that the witness was intoxicated at the time of the viewing of the events (People v Holliday, 38 NY2d 763, 765; Del Toro v Carroll, 33 AD2d 160, *697 164; McQuage v City of New York, 285 App Div 249, 253-254; see also, Annot. 8 ALR3d 749).[5]
However, where the evidence demonstrates that the condition of alcoholism causes the witness some degree of mental impairment, such as hallucinating or "blacking out”, and the evidence shows he was drinking near the time of the event, evidence of alcoholism may be probative of the witness’ sensory capacity (People v Di Maso, 100 Ill App 3d 338, 426 NE2d 972; State v Hawkins, 260 NW2d 150, 158 [Sup Ct, Minn 1977]; see also, People v Walker, 116 AD2d 948, 951).
Defendant has not shown, other than mere speculation, the nature of the evidence relating to Mrs. Scotti’s alleged alcoholism. The admissibility of such evidence is, as noted above, contingent upon the existence of several factors, none of which defendant has satisfactorily demonstrated. In this case, defendant requests that we infer, from the allegation that Mrs. Scotti was an alcoholic, that she was intoxicated either at the time of the crimes or at trial. As previously stated, this logical leap cannot be made legally.
This court finds that defendant has failed to prove that the alleged suppressed evidence is favorable to the defense.
(C) MATERIALITY OF THE EVIDENCE
Defendant must show that the withheld evidence is material. Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability’ is a probability sufficient to undermine confidence in the outcome.” (United States v Bagley, 473 US 667, 682.)
Since the alleged evidence is inadmissible, as discussed above, this court finds that such evidence is not material.
(D) CPL 440.10 (1) (b) AND (g) BRANCHES OF DEFENDANT’S MOTION
Defendant also moves to vacate the judgment on the *698 grounds of prosecutorial fraud (CPL 440.10 [1] [b]) and newly discovered evidence (CPL 440.10 [1] [g]).
Once again, the motion papers contain, for the most part, unsubstantiated and speculative allegations. Defendant has not provided sufficient information to advance his contentions. For example, he has made no attempt to subpoena the alleged psychological file or supply the court with some basis to examine that file in camera (People v Gissendanner, 48 NY2d 543, 550; People v Simpson, 125 AD2d 347; People v Robinson, 87 AD2d 877, 878-879). Moreover, no affidavits of associates, neighbors, or acquaintances of Mrs. Scotti have been submitted. Defendant has failed to meet his burden of proof (CPL 440.30).
CONCLUSION
For reasons discussed above, defendant’s motion is in all respects denied.

. This was the second trial. In defendant’s first trial, in 1984, a mistrial was declared when the jury was unable to reach a verdict.

. From the plea allocution minutes, it is not clear when Mrs. Scotti’s ■ purported alcoholic condition commenced. Indeed, it may be that Mrs. Scotti became an alcoholic, if at all, as a result of being the victim of the various sex crimes for which defendant has been convicted.

. In People v Mayers (100 AD2d 558) the court held that certain probation reports were not under the prosecution’s control and, hence, not discoverable prior to trial. However, the court did not cite any of the cases standing for the proposition that since the probation office is an arm of the court, control of these reports cannot be imputed to the prosecution. Rather, the court cited CPL 390.50 (1), which confers confidentiality on these records. Thus, if the material is privileged, so as to deny prosecutorial access, the prosecution cannot be said to constructively possess or control such material. In other words, there is no breach of the Brady duty if the material is "unavailable to the prosecution and beyond the power of the prosecution to obtain.” (Calley v Callaway, 519 F2d 184, 223, cert denied 425 US 911.)

. It is uncertain whether, even in the absence of privilege, the prosecutor would be deemed to have "suppressed” evidence under Brady v Maryland (373 US 83). Defendant has not established that the psychologist was a "member” of the police department. Indeed, the psychologist may have maintained a private practice where the only connection with the police department was that the latter referred patients. In this situation, it is doubtful whether he or she could be included within that department for imputation purposes.

. Defendant’s argument that the rules regarding the admissibility of evidence of alcoholism are the same as the rules pertaining to the admissibility of evidence of drug addiction is inaccurate. As stated in McCormick: "Habitual addiction stands differently. It is generally held that the mere fact of chronic alcoholism is not provable on credibility. On the other hand, as to drug addiction to which more social odium has been attached, many decisions allow it to be shown to impeach, even without evidence that it did in the particular case affect truth-telling, although more courts, absent a particular showing of effect on the witness’s veracity, would exclude it.” (McCormick, Evidence § 45, at 105-106 [3d ed].)