THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE M. BROWN, Appellant.

Third Department, March 6, 1980

## APPEARANCES OF COUNSEL

*Livingston L. Hatch* for appellant.

*Joseph W. Kelley, District Attorney (Steven I. Foyer* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

The defendant was stopped shortly after midnight on October 25, 1977 in the City of Plattsburgh by a city police officer for making a right-hand turn on a red light at an intersection where such a turn was not permitted. According to the arresting officer, the defendant at the time had bloodshot eyes, smelled of alcohol, demonstrated poor co-ordination and staggered at the scene. Taken to the police station, the defendant agreed to submit to a breathalyzer test, which was administered at 12:44 A.M. and which disclosed blood alcohol content of .17 of 1%. Subsequently, the defendant was indicted for the crime of operating a motor vehicle while in an intoxicated condition in violation of section 1192 of the Vehicle and Traffic Law, and on the basis of his prior conviction, as a felony.

At the trial the police officer testified to the defendant's condition at the scene; the manner of talking and the results of the breathalyzer test were introduced into evidence; and

the defendant, testifying in his own behalf, admitted to having consumed three or four Scotch and sodas prior to his arrest.

The trial court charged the jury that it could find the defendant guilty of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) and of operating a motor vehicle with .10 of 1% or more of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2). The court refused the defendant's request to charge driving while impaired (Vehicle and Traffic Law, § 1192, subd 1) as a lesser included offense. The defendant excepted to this refusal and urges it as the principal ground for reversal on this appeal. The jury found the defendant guilty of violating subdivision 2 of section 1192 only, thereby acquitting the defendant of a violation of subdivision 3 of section 1192.

■ It was error for the trial court to refuse the defendant's request to charge driving while impaired under subdivision 1 as a lesser included offense of driving while intoxicated. To qualify as a lesser included offense of the crime charged (Vehicle and Traffic Law, § 1192, subd 3) the charge of driving while impaired must satisfy (1) the statutory definition of CPL 1.20 (subd 37), i.e., that it is impossible to commit the crime of driving while intoxicated without concomitantly committing by the same conduct, the offense of driving while impaired, and (2) that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense but did not commit the greater. (CPL 300.50; *People v Henderson,* 41 NY2d 233, 235.)

Simply stated, since it is impossible to commit the crime of driving while intoxicated without also committing by the same conduct the offense of driving while impaired, driving while impaired is a lesser included offense of the misdemeanor of driving while intoxicated (see *People v Yost,* 50 AD2d 577). As to the second requirement, the evidence of the defendant's appearance and conduct at the time of his arrest supplies a reasonable factual basis for the charge of driving while impaired. Although it was error to refuse the defendant's request in relation to the charge of driving while intoxicated, this error is inconsequential inasmuch as the defendant was acquitted of that charge.

■ ■ The more important question here is whether the charge of driving while impaired is a lesser included offense of subdivision 2 of section 1192, where the defendant's breatha-

lyzer test resulted in .17 alcohol content, and on which charge the defendant stands convicted. Applying the dual consideration of the *Henderson* test *(supra)*, it must be concluded that driving while impaired is also a lesser included offense of the misdemeanor of driving with a .10 of 1% or more of alcohol in the blood. It is simply impossible to violate subdivision 2 without concomitantly violating subdivision 1, in view of section 1195 (subd 2, par [c]) of the Vehicle and Traffic Law, which makes more than .07 of 1% but less than .10 of 1% of alcohol in the blood prima facie evidence that the operator's ability was impaired. It would be unreasonable and unrealistic to hold that a presumption of impairment exists within those statutory limits, but evaporates when the alcohol content reaches .10 or more. Furthermore, section 1196* of the Vehicle and Traffic Law, as interpreted in *People v Farmer* (36 NY2d 386), holds that the proscriptions of subdivisions 1, 2 and 3 of section 1192 are all species of the same generic offense of "operating a motor vehicle while under the influence of alcohol" and a charge under subdivision 3 gives notice to the defendant of a possible conviction under subdivision 1 or 2. Having determined that subdivision 1 is a lesser included offense of subdivision 2 as well as of subdivision 3, it follows that the defendant's request to charge subdivision 1 should have been granted if a reasonable view of the evidence would support a conviction under subdivision 1. The jury here could disregard the results of the breathalyzer test if they believed, as urged by the defendant at trial, that the machine malfunctioned. If the jury so believed, the testimony in the case of the defendant's condition at the time of his arrest would support a conviction of driving while impaired. The failure to so charge upon a proper defense request was, therefore, reversible error, and the judgment and conviction must be reversed and the case remitted for a new trial. Upon retrial the jury cannot consider the charge under subdivision 3, of which the defendant has been acquitted, but since the indictment is not limited to subdivision 3 and in light of section 1196, the defendant need not be reindicted (see *People v Mayo,* 48 NY2d 245, 253; *People v Fudger,* 70 AD2d 703). The other errors alleged by the defendant are inconsequential and nonreversible.

---

* *People v Donaldson* (36 AD2d 37), which held that driving while impaired is not a lesser included offense of a charge under subdivision 2 of section 1192, was decided upon statutory law as it existed prior to the effective date of section 1196.

The judgment should be reversed, on the law, and a new trial ordered.

KANE, J. P. (dissenting). Although we agree with the majority's theoretical analysis in concluding that driving while impaired may be a lesser included offense of driving while intoxicated under subdivision 2 of section 1192 of the Vehicle and Traffic Law in an appropriate setting, we do not believe there is any reasonable view of the evidence contained in this record which would support a jury finding that defendant's blood alcohol content was between .07 and .10% which, in our view, would be the only basis on which a conviction of impairment could be predicated in this case. His attacks on the test were directed at the reliability of the equipment and the procedures followed by its operator. Defendant's position was that the result was unreliable and should be rejected in its entirety. There was no proof, not even a suggestion, that there was some reason to believe the test, under other conditions, might have shown an alcohol content within the impaired range identified by section 1195 (subd 2, par [c]) of the Vehicle and Traffic Law. In short, the jury was presented with a take it or leave it situation in which there was no evidentiary basis for a compromise finding. Had there been some expert testimony affirming or conceding that a generally valid test could nevertheless be in error by several hundredths of a percentum, or that no result whatever could have been obtained unless at least .05% of blood alcohol was present, a charge to the jury of driving while impaired would have been required. As the proof developed, however, no reasonable interpretation of the test result would permit a finding that defendant, though guilty of that lesser offense, was somehow innocent of the greater offense of operating a vehicle with a .10% of alcohol in his blood.

It is no answer to say that the jury might have accepted the so-called "common-law" indications of defendant's impairment for, in our opinion, those factors are simply not relevant to jury consideration of subdivision 2 of section 1192 of the Vehicle and Traffic Law. A violation of that provision can only occur when a motorist has a prohibited amount of alcohol in his or her blood, and it can be established only through knowledge of that amount as exhibited by a test. Consequently, while conviction of impairment following an accusation of intoxication under its terms is permissible (Vehicle and Traffic Law, § 1196), and while a test result not meeting the

higher .10% standard might otherwise have prima facie effect in determining impairment (Vehicle and Traffic Law, § 1195, subd 2, par [c]), other circumstances demonstrating alcohol consumption would not be competent evidence to establish such lesser offense under subdivision 2 of section 1192 of the Vehicle and Traffic Law as they would be under subdivision 3 of that section. Since defendant was not prejudiced by the erroneous refusal to submit impairment as a lesser included offense under subdivision 3 of section 1192 of the Vehicle and Traffic Law, and since none of his remaining arguments possess merit, the judgment should be affirmed.

MAIN and MIKOLL, JJ., concur with CASEY, J.; KANE, J. P., and STALEY, JR., J., dissent and vote to affirm in an opinion by KANE, J. P.

Judgment reversed, on the law, and a new trial ordered.