*634
 
 OPINION OF THE COURT
 

 Meyer, J.
 

 Driving while ability is impaired (DWAI) (Vehicle and Traffic Law, § 1192, subd 1) is a lesser included offense of the charge of driving while intoxicated (DWI) (Vehicle and Traffic Law, § 1192, subd 3). Though under CPL 360.50 (subd 2) the Judge trying the information is given discretion whether he will submit to the jury as an alternative a lesser included offense, a Trial Judge, who declines to submit DWAI as a lesser included offense to DWI on the ground that there is no reasonable view of the evidence that would support a finding that defendant committed the lesser charge makes a ruling on the law rather than in the exercise of discretion. In such a case, there being a reasonable view of the evidence to support submission of DWAI, defendant’s DWI conviction must be reversed and a new trial ordered.
 

 Defendant was arrested by two police officers who testified that her car had been moving erratically and that defendant was “very intoxicated” and refused to obey their order to get out of the car. Because there was an 11-month-old child in the car with defendant and her adult passenger, the officers called a Social Services Department employee to take custody of the infant. Taken to the police station, defendant refused to take a breathalyzer test notwithstanding a warning that she could lose her driver’s license if she did not take the test. The Social Services employee who observed defendant at the police station testified also that she was very drunk.
 

 The City Court Judge, relying apparently on cases decided prior to the 1970 amendment to section 1192 of the Vehicle and Traffic Law, denied defendant’s request that DWAI be submitted to the jury as a lesser included offense. On appeal, the County Judge recognized that DWAI was a lesser included charge to DWI and that the record should be viewed in the light most favorable to defendant, but nevertheless affirmed because he found that the Trial Judge acted within his discretion, there being no reasonable view of the evidence that would warrant a finding of DWAI and not DWI.
 

 The basis for the City Court Judge’s ruling (that convic
 
 *635
 
 tion of DWAI requires evidence of a breathalyzer or blood test) is no longer the law (cf.
 
 People v Cruz,
 
 48 NY2d 419;
 
 People v Farmer,
 
 36 NY2d 386). Moreover, both the express provision of subdivision 1 of section 1196 of the Vehicle and Traffic Law and the definition of “lesser included offense” contained in CPL 1.20 (subd 37) make clear that DWAI is a lesser included offense to DWI. The former provides that a driver charged with violation of subdivisions 2 or 3 of section 1192 of the Vehicle and Traffic Law may nevertheless be convicted of a violation of subdivision 1. The latter definition is “ [w]hen it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree”. It is not possible to drive while intoxicated without by the same conduct driving while impaired
 
 (People v Brown,
 
 73 AD2d 112, 114; see, also,
 
 People v Cruz, supra; People v Farmer, supra).
 

 DWAI being a lesser included offense and defendant’s attorney having requested its submission, submission would be mandatory were the prosecution under an indictment, provided only there were a reasonable view of the evidence to support a DWAI finding (CPL 300.50, subd 2). Prosecution in the instant case was, however, under an information and CPL 360.50, which governs what counts are to be submitted to the jury in a prosecution on information, though it contains cross references to CPL 300.30 and 300.40, does not refer to CPL 300.50. Presumably this is because the last sentence of CPL 360.50 (subd 2) is intended to provide the rule governing submission of lesser offenses on prosecution of an information.
 

 The sentence referred to provides: “In submitting a count charging a misdemeanor established by legally sufficient trial evidence, the court in its discretion may, in addition to submitting such misdemeanor, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the misdemeanor charged.” It is not necessary to inquire concerning the basis for differentiation between indictment and information in making submission of a lesser included offense
 
 *636
 
 mandatory, for here the trial court denied the request on a mistaken view of the law rather than in the exercise of discretion. Nor does the County Judge’s conclusion remedy the situation, even if he had the power to do so, for his opinion shows that it too was based upon the law rather than discretion, that is, upon his conclusion that there was no reasonable view of the evidence which would support a finding of impairment but not of intoxication.
 

 In reaching that conclusion the County Judge emphasized the testimony of the two officers who arrested defendant and of the Social Services Department employee. Except to comment that “Nowhere in the testimony is there any indication that the Appellant was acting as a normal, sober person”, however, he wholly ignored the testimony of defendant and her passenger that though she had had two drinks that evening she was not driving erratically and did not act unusually except as the officers’ threat to have her grandson placed in foster care caused her to speak forcefully and resist them.
 

 To entitle defendant to a DWAI charge the evidence need not establish that she acted as a “normal, sober person,” but only that she had not been rendered incapable by alcoholic beverage of employing the physical or mental abilities needed to operate a car, even though her abilities to do so were to some degree impaired (cf.
 
 People v Cruz, supra,
 
 at pp 426-427). The standard by which that determination is to be made was succinctly stated in
 
 People v Henderson
 
 (41 NY2d 233, 236): “The court’s appraisal of the persuasiveness of the evidence indicating guilt of the higher count is irrelevant; the question simply is whether on any reasonable view of the evidence it is possible for the trier of the facts to acquit the defendant on the higher count * * * and still find him guilty on the lesser one” (see, also,
 
 People of Mussenden,
 
 308 NY 558, 561-562).
 

 In weighing the evidence as he did the County Judge assumed the responsibilities of the jury, for it cannot be said on the record before the City Court Judge that the evidence excluded “every possible hypothesis” ezcept driving while intoxicated (cf.
 
 People v Malave,
 
 21 NY2d 26, 29) or that there was no reasonable view of the evidence that would support a jury finding of driving while defendant’s ability
 
 *637
 
 to operate a motor vehicle was impaired, bearing in mind the prerogative of the jury to accept or reject part or all of the defense’s or the prosecution’s proof
 
 (ibid.; People v Henderson, supra,
 
 at p 236; see Pitler, New York Criminal Practice Under the CPU [1979 Supp], 447).
 

 For the foregoing reasons, the order of the County Court of the County of Cortland affirming the judgment of the City Court, City of Cortland, convicting defendant of driving while intoxicated should be reversed and a new trial ordered.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order reversed and a new trial ordered.