■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE A. BRIGGS, Appellant. — Judgment affirmed. Memorandum: On this appeal from a judgment of conviction of a felony for operating a motor vehicle with .10 of one per centum or more by weight of alcohol in his blood as a felony (Vehicle and Traffic Law, § 1192, subds 2, 5) defendant contends that the trial court erred in refusing to charge driving while ability is impaired (DWAI) (see Vehicle and Traffic Law, § 1192, subd 1; § 1195, subd 2, pars [b], [c]) as a lesser included offense of the charge for which he was convicted. Although section 1196 of the Vehicle and Traffic Law provides that a driver charged with operating a motor vehicle with more than the requisite per centum by weight of alcohol in his blood may be convicted of DWAI, its submission as a lesser included offense is appropriate only if there is a reasonable view of the evidence to support a DWAI finding (CPL 300.50, subd 2; see *People v Farmer,* 36 NY2d 386; *People v Brown,* 73 AD2d 112). Thus, " 'the question simply is whether on any reasonable view of the evidence it is possible for the trier of facts to acquit the defendant on the higher count [citations omitted] and still find him guilty on the lesser one' " *(People v Hoag,* 51 NY2d 632, 636, quoting *People v Henderson,* 41 NY2d 233, 236). The sole evidence concerning this count of the indictment was the blood test which indicated that the alcoholic content of his blood was .26 of one per centum. The jury could either reject or accept this evidence. The jury was thus presented with a "take it or leave it situation in which there was no evidentiary basis for a compromise finding" *(People v Brown,* 73 AD2d 112, *supra,* dissenting opn, p 116). There was no reasonable view of the evidence to support a DWAI finding since on the record the evidence excluded "every possible hypothesis" except driving while he had .10 of one per centum or more by weight of alcohol in his blood. Further, the People were not precluded from offering evidence of the blood specimen test results, because of the destruction of defendant's blood sample which the parties stipulated was "inadvertently lost or destroyed by the City of Batavia Police Department and was not done intentionally to hinder prosecution" (see *United States v Augenblick,* 393 US 348; see, also, *People v Reed,* 44 NY2d 799). The People do not dispute defendant's right to discovery and independent testing of the blood sample *(People v White,* 40 NY2d 797) but dispute defendant's claim that he was thus deprived of his due process rights. Whether the blood sample could have produced evidence favorable to defendant's case is speculative and failure to produce it does not establish a violation of the *Brady* rule *(Brady v Maryland,* 373 US 83; see, also, *United States v Agurs,* 427 US 97). In this sense the blood specimen was neither exculpatory nor material *(People v Gissendanner,* 48 NY2d 543, 551; *People v Jones,* 44 NY2d 76; *People v Stridiron,* 33 NY2d 287). We have examined other issues raised by defendant and find them meritless. All concur, except Dillon, P. J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Dillon, P. J. (dissenting). In my view the trial court erred as a matter of law in refusing defendant's request to charge DWAI (Vehicle and Traffic Law, § 1192, subd 1), as a lesser included offense of the count in the indictment charging defendant with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law (operating a motor vehicle while having .10 of

one per centum or more by weight of alcohol in his blood). In assessing this case as one presenting a "take it or leave it situation in which there was no evidentiary basis for a compromise finding" the majority follow the dissenters in *People v Brown* (73 AD2d 112, 116-117) and thus inadequately weigh the "prerogative of the jury to accept or reject part or all of the defense's or the prosecution's proof" *(People v Hoag,* 51 NY2d 632, 637). There is no dispute that DWAI is a lesser included offense of a charged violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law (see Vehicle and Traffic Law, § 1196, subd 1; *People v Hoag, supra; People v Brown, supra)* but the majority conclude that where the sole evidence in support of the higher crime is a blood test showing .10 percent or more by weight of alcohol in the blood, there is no possible hypothesis to support a jury verdict of guilty of the lesser included offense. While I disagree with an analysis which limits the alternative of the jury either to accept or reject the test *in toto,* even assuming its intellectual validity the majority result premised thereon fails to take into account that the jury found defendant guilty of DWAI as a lesser included count on a charge of driving while intoxicated under subdivision 3 of section 1192 of the Vehicle and Traffic Law. Notwithstanding the inadvisedly limited record on which this appeal is presented, the conclusion is inescapable that the evidence of DWAI which supports both the court's charge and the verdict rendered thereon on the driving while intoxicated count of the indictment would also support the submission of DWAI as a lesser included count of the blood alcohol violation *(People v Brown,* 73 AD2d 112, 114-115, *supra).* I would reverse the judgment insofar as it convicts defendant of a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law and would grant a new trial on that count of the indictment. (Appeal from judgment of Genesee County Court — driving with over .10% alcohol.) Present — Dillon, P. J., Cardamone, Simons, Denman and Schnepp, JJ.