■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTILLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered May 31, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Israel Alicea was fatally stabbed during a robbery by three young Hispanic men on Ten Eyck Walk in the Williamsburg section of Brooklyn. An eyewitness whose bedroom window overlooked the scene of the crime selected the defendant from a police-arranged lineup conducted two days after the incident as the man he saw holding a knife and searching through the deceased's pockets while the other two assailants beat and kicked the victim. The defendant apparently remained in the area, and within minutes of the crime a police officer called to the scene noticed that the defendant had blood on his pants and told him not to leave. However, when the officer got out of his car the defendant was gone. A young man leaving his girlfriend's house on Ten Eyck Walk that same night spoke to the defendant briefly and noticed that he had blood on his

hands, pants and sneakers. This witness had previously seen the defendant in the neighborhood and pointed him out to police officers on the street two days later as the man he saw near Ten Eyck Walk on the night of the crime. The civilian and the police officer viewed separate lineups and identified the defendant as the man they saw with blood on his person shortly after the crime.

The defendant sought to suppress any in-court identification of him by the witnesses who viewed the lineups, contending that the procedures employed were unduly suggestive. After a hearing, the court denied the motion, and we affirm. The record supports the hearing court's conclusion that the stand-ins, although not identical, appeared to be "reasonably similar to the defendant in their physical characteristics" and that the police engaged in no suggestive behavior or conversations during any of the identification procedures (see, People v Gairy, 116 AD2d 733, lv denied 67 NY2d 942; cf., People v Lebron, 46 AD2d 776). Therefore, there was no substantial risk of misidentification nor any likelihood of an unreliable result (see, United States v Wade, 388 US 218; People v Adams, 53 NY2d 241, 251).

We also agree with the hearing court's refusal to suppress the defendant's bloodstained sneakers. The detectives who went to the defendant's house encountered his brother, who shared the same bedroom and closet with the defendant, and upon their request the brother brought them the sneakers from the closet. Clearly, the brother possessed the requisite authority and control over the bedroom and closet he shared with the defendant to consent to a search of the property therein (see, United States v Matlock, 415 US 164; People v Cosme, 48 NY2d 286). Furthermore, there was no credible evidence that the brother's consent was anything but voluntary (see, People v Gonzalez, 39 NY2d 122; People v Richards, 119 AD2d 597, lv denied 67 NY2d 1056).

Contrary to the defendant's contentions, upon the exercise of our factual review power, we find that the evidence established his guilt beyond a reasonable doubt, and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Moreover, the sentence imposed was appropriate.

We have reviewed the defendant's remaining contention and find it to be without merit. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.