■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK LINGENAU, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered July 16, 1985, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of from 8⅓ to 25 years' and from 1½ to 4½ years' imprisonment, respectively.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences are to run concurrently with each other; as so modified, the judgment is affirmed.

The 14-year-old complainant admitted that she was unable to accurately estimate a person's height and that she was mistaken in some of the details of her initial description of her assailant which did not correspond to the defendant's appearance. However, she located the scene of the crime, the defendant's apartment house, prior to recognizing the defendant on the street and she testified that she was certain he was the assailant because she remembered his face and his acne-covered back. It was the jury's proper function to weigh the complainant's credibility and resolve the conflicts in the evidence *(see, People v Bauer,* 113 AD2d 543, *lv denied* 67 NY2d 648, 880). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In the exercise of our discretion, we modify the judgment so as to provide that the sentences are to run concurrently *(see generally, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.