■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT FAPPIANO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered September 11, 1985, convicting him of rape in the first degree (five counts), sodomy in the first degree (two counts), sexual abuse in the first degree, and burglary in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated February 10, 1987, which denied his motion to vacate the judgment pursuant to CPL 440.10. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the order are affirmed.

Under all the circumstances, the lineup procedure was not impermissibly suggestive (see, Stovall v Denno, 388 US 293; Simmons v United States, 390 US 377). The record supports the hearing court's conclusion that the fillers appeared to be reasonably similar to the defendant in their physical characteristics (see, People v Burwell, 26 NY2d 331; People v Wong, 133 AD2d 184, lv denied 70 NY2d 878; People v Castillo, 131 AD2d 495, lv denied 70 NY2d 749).

We find that no Brady violation (see, Brady v Maryland, 373 US 83) occurred with respect to the defendant. The record does not indicate that prior to trial the evidence in issue either existed or was in the possession of the prosecution (see, People v Novoa, 70 NY2d 490, 496; People v Cwikla, 46 NY2d 434, 441). Furthermore, the exculpatory potential of this evidence was purely speculative (see, People v Thornton, 130 AD2d 78, 82, lv denied 70 NY2d 755; People v Astwood, 113 AD2d 946, 947; People v Briggs, 81 AD2d 1017).

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to sustain the verdict (see, People v Lingenau, 133 AD2d 176, lv denied 70 NY2d 801; People v Odom, 130 AD2d 776, lv denied 70 NY2d 935; People v Collins, 123 AD2d 779, lv denied 69 NY2d 826). Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The complaining witness saw the defendant's face at close range for an extended period of at least 40 minutes during the repeated attacks.

We find no reason to disturb the sentence imposed (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions have been examined and have been determined to be without merit or unpreserved for appellate review. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur. [See, 134 Misc 2d 693.]