■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUIDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered May 3, 1988, convicting him of manslaughter in the first degree and burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defen-

dant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The credible evidence adduced at the *Huntley* hearing established that upon receiving information from an eyewitness to the shooting indicating that the defendant was one of the perpetrators, several police officers responded to the defendant's apartment, where they were admitted by his mother. When the defendant emerged from his bedroom, the officers asked him to accompany them to the precinct, a request to which the defendant acceded. While exiting the apartment, the defendant told one of the officers that he knew the eyewitness would get him into trouble. At the precinct, the defendant was advised of his *Miranda* rights, and subsequently made both a written and a videotaped statement.

As the hearing court properly found, the eyewitness's statements inculpating the defendant provided the police officers with probable cause to arrest him *(see, People v Gonzalez,* 138 AD2d 622; *People v McCain,* 134 AD2d 623). Moreover, the police officers entered the defendant's home with the consent of his mother, who possessed the requisite degree of authority and control over the premises *(see, People v Cosme,* 48 NY2d 286; *People v Castillo,* 131 AD2d 495). Finally, even assuming that the defendant was in custody at the time he made the statement to one of the police officers as they were leaving his apartment, that statement, although made before any *Miranda* warnings were given, was properly deemed admissible, as it was spontaneous and not the result of police interrogation *(see, People v Lynes,* 49 NY2d 286, 294). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.