■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL LUCENA, Appellant. [605 NYS2d 909] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 9, 1991, convicting him of robbery in the first degree, robbery in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lane, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the trial court erred in failing to permit cross-examination of the complainant regarding a possible agreement the complainant's attorney made with the People in exchange for the complainant's testimony. The record reveals that the trial court did permit defense counsel to ask the complainant on cross-examination whether he had been promised anything in exchange for his testimony. Defense counsel chose not to pursue this line of questioning when the trial court held that he could not introduce hearsay statements allegedly made by the complainant's former attorney concerning the complainant's alleged agreement with the District Attorney's office. In any event, the record indicates that the complainant testified that the charges against him in the pending unrelated matter were dropped before he testified before the Grand Jury in this matter, and therefore there is nothing in the record to indicate that the complainant's testimony was given in exchange for a promise from the District Attorney *(see, People v Fappiano,* 139 AD2d 524).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.