

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00509-CR

Glenn **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR6086
The Honorable Sid L. Harle, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 30, 2014

AFFIRMED

Glenn Johnson was indicted for driving while intoxicated, enhanced to a third degree felony by two prior convictions. Following the trial court's denial of Johnson's motion to quash the indictment, Johnson pled guilty pursuant to a plea agreement. The trial court sentenced Johnson to five years of probation, suspended his driver's license for two years, and assessed a $1,500 fine. In two issues on appeal, Johnson contends that the trial court erred in denying his motion to quash the indictment. We affirm the trial court's judgment.

**BACKGROUND**

Johnson was charged with operating a motor vehicle in a public place while intoxicated (DWI). The indictment contained enhancement paragraphs, alleging that Johnson was previously convicted of two offenses "relating to the operating of a motor vehicle while intoxicated." In particular, the indictment referred to Johnson's 2007 conviction for DWI in Bexar County, Texas and his 1992 conviction for "driving while ability impaired" (DWAI) in Buffalo, New York.

Johnson filed a motion to quash the indictment, contending: (1) the New York conviction was not related to the operating of a motor vehicle while intoxicated; and (2) the New York conviction was invalid because Johnson was not represented by counsel during the 1992 proceeding. Following a hearing, the trial court denied the motion. Johnson re-urges both arguments in this appeal of the trial court's denial of the motion to quash.

**DISCUSSION**

A. *New York's DWAI Statute as Section 49.09(b)(2) Enhancement Offense*

In his first issue, Johnson contends that New York's DWAI statute is not a law that "prohibit[s] the operation of a motor vehicle while intoxicated," as alleged in the indictment. TEX. PENAL CODE ANN. § 49.09(c)(1)(F) (West Supp. 2013). A trial court's ruling on a motion to quash an indictment presents a question of law that we review *de novo*. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Resolution of this issue requires us to consider whether conduct constituting DWAI in New York would also constitute DWI in Texas. *See Smith v. State*, 401 S.W.3d 915, 918 (Tex. App.—Texarkana 2013, pet. ref'd).

Under Texas law, a person commits DWI "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2013). The offense is enhanced to a third degree felony "if it is shown on the trial of the offense that the person

has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ."  TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2013).  An "offense relating to the operating of a motor vehicle while intoxicated" includes "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated."  TEX. PENAL CODE ANN. § 49.09(c)(1)(F) (West Supp. 2013).  The Texas Penal Code offers two alternate definitions for "intoxicated."  *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010).  Under the "impairment theory" definition, a person is intoxicated when he experiences a loss of the normal use of mental or physical faculties by reason of the introduction of alcohol into the body.  TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011); *Kirsch*, 306 S.W.3d at 743.  Under the "per se theory," a person is intoxicated if he has an alcohol concentration in the blood, breath, or urine of 0.08 or more.  TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011); *Kirsch*, 306 S.W.3d at 743.  These definitions, which set forth alternate means by which the State may prove intoxication, may overlap and are not mutually exclusive.  *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012); *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003).

Under New York law, a person commits DWAI if the person "operate[s] a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."  N.Y. VEH. & TRAF. LAW § 1192.1 (McKinney, Westlaw through 2014 Sess.); *People v. Hoag*, 416 N.E.2d 1033, 1034 (N.Y. 1981).  Under a separate provision, a person commits DWI if he "operate[s] a motor vehicle while in an intoxicated condition."  *Id.* at § 1192.3; *Hoag*, 416 N.E. at 1034.  A person is "impaired" if the consumption of alcohol "has actually impaired, *to any extent*, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver."  *People v. Cruz*, 399 N.E.2d 513, 516 (N.Y. 1979) (emphasis added).  In contrast, intoxication is a "greater degree of impairment which is reached when the driver has voluntarily consumed alcohol *to the extent that he is incapable* of employing

the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver." *Id.* at 517 (emphasis added). Thus, the degree of a person's impairment determines whether they have committed DWI or DWAI. *See People v. Ardila*, 647 N.E.2d 1355, 1356 (N.Y. 1995). Although the statute proscribes two separate offenses "'based upon the degree of impairment caused by alcohol ingestion,' the provisions 'closely overlap' and are 'species of the generic offense of '[o]perating a motor vehicle while under the influence of alcohol.'" *People v. Litto*, 872 N.E.2d 848, 857–58 (N.Y. 2007) (quoting *People v. Farmer*, 330 N.E.2d 22, 23 (N.Y. 1975)).

Johnson argues that DWAI cannot be an offense that prohibits the operation of a motor vehicle while *intoxicated* because DWAI under New York law—unlike DWI under New York law—does not require intoxication, but rather a lesser degree of impairment. The question before us, however, is whether the conduct constituting "impairment" for purposes of DWAI under New York law meets the definition of "intoxicated" under *Texas* law. Based on a plain reading of the New York definition of "impairment" and the Texas definition of "intoxicated," a person whose alcohol consumption affects his mental and physical abilities to operate a vehicle as a reasonable and prudent driver necessarily exhibits a level of impairment measured by a loss of the normal use of his mental or physical faculties. *See* TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011); *see also Tate v. State*, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 2003, no pet.) (Mississippi DUI statute requiring proof of a diminished mental or physical state met requirements of "intoxicated" under Section 49.09(b)(2)).

Moreover, the same evidence sufficient to establish impairment for purposes of DWAI in New York is sufficient to establish intoxication for purposes of DWI in Texas. In New York, a person's impairment may be established by evidence of: (1) a strong odor of alcohol on the person's breath; (2) glassy or bloodshot eyes; (3) slurred speech; (4) staggering or poor

coordination; and (5) speeding or erratic driving. *People v. Taylor*, 961 N.Y.S.2d 166, 167 (App. Div. 2013); *People v. McDonald*, 811 N.Y.S.2d 492, 493 (App. Div. 2009); *People v. Crandall*, 731 N.Y.S.2d 553, 554 (App. Div. 2001). Likewise under the Texas "impairment theory" definition, intoxication may be proved by evidence of slurred speech, bloodshot eyes, odor of alcohol, unsteady balance, and improper manner of driving. *See Cotton v. State*, 686 S.W.2d 140, 142 & n.3 (Tex. Crim. App. 1985); *Ubesie v. State*, 379 S.W.3d 371, 376 (Tex. App.—Amarillo 2012, no pet.); *State v. Webre*, 347 S.W.3d 381, 386 (Tex. App.—Austin 2011, no pet.).

The Dallas Court of Appeals has held that a conviction under Colorado's DWAI statute can be used to enhance a DWI conviction under Section 49.09(b)(2). *See State v. Christensen*, No. 05-10-00940-CR, 2011 WL 2176656, at *7 (Tex. App.—Dallas Jun. 6, 2011, pet. ref'd) (mem. op., not designated for publication). In *Christensen*, the defendant argued that his Colorado DWAI conviction could not be used to enhance his DWI charge because DWAI did not require intoxication, but rather a lesser degree of impairment. *Id.* at *3. The court of appeals noted that a person commits DWAI in Colorado when the consumption of alcohol "affects the person to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically . . . to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle." *Id.* (quoting COLO. REV. STAT. ANN. § 42-4-1301(g)). The court noted that Colorado had a separate statute prohibiting driving under the influence of alcohol (DUI) based on the same definition, but requiring that the person's impairment render the person "substantially incapable" of safe operation of a vehicle. *Id.* (quoting COLO. REV. STATE. ANN. § 42-4-1301(1)(f)). The court held the Colorado DWAI statute met the requirements of Section 49.09(b)(2), and observed that "[t]he fact that Colorado recognizes different degrees of impairment through its DUI and DWAI laws does not mean a person 'impaired' for purposes of the DWAI statute is not 'intoxicated' for the purposes of the Texas Penal Code." *Id.* The court further

reasoned that "the evidence sufficient to prove in Colorado that a person is impaired under the DWAI statute is almost identical to that sufficient to prove intoxication due to the loss of the normal use of physical and mental faculties in Texas." *Id.* at *7.

We find the Dallas court's analysis regarding the Colorado statute to be instructive in evaluating a very similar statutory scheme under New York law. Johnson argues that *Christensen* is distinguishable because New York's DWI statute requires a greater level of impairment than is required under Colorado's DUI statute. Johnson also argues that DWAI is considered a lesser-included offense of DUI in Colorado where DWAI is not a lesser-included offense of DWI in New York. What is relevant to our inquiry, however, is whether the New York DWAI statute prohibits a person from operating a motor vehicle while "intoxicated" as defined by Texas law. TEX. PENAL CODE ANN. § 49.09(c)(1)(F) (West Supp. 2013). Based on a plain reading of the New York and Texas statutes and a comparison of the evidence sufficient to support convictions under both, we hold that New York's DWAI statute "prohibit[s] the operation of a motor vehicle while intoxicated." *Id.* Johnson's first issue is overruled.

### B. *Validity of 1992 Conviction*

In his second issue, Johnson argues the New York conviction is invalid—and therefore cannot be used to enhance his current DWI conviction—because he was denied assistance of counsel during the 1992 proceeding and as a result, his plea was not knowing and voluntary. In an affidavit in support of his motion to quash, Johnson stated:

> At no time, either when I was arrested or in court, did anyone suggest to me that I was entitled to be represented by a lawyer. No one said anything at all about a lawyer, although I would probably have asked for one had I known I could.

Johnson further argues that the record contains no evidence that he waived his right to counsel. The State disputes Johnson's contention that he was not represented by counsel, pointing to a court document signed by Johnson's attorney. The document is a plea offer dated October 29, 1992 and

appears to be a form document of the District Attorney's Office for the City of Buffalo, New York. The document reflects that Johnson was charged with DWI but, through an attorney, offered to plead guilty to the lesser charge of DWAI. The document is signed by an individual above the title "Attorney for Defendant." The document reflects that the district attorney's office agreed to the lesser charge and is signed by an assistant district attorney. The record contains another New York court document corroborating that Johnson pled guilty and was convicted of DWAI on October 29, 1992.

A defendant may collaterally attack a prior conviction alleged as an enhancement on the basis that the prior conviction is constitutionally defective because the defendant was denied his right to counsel. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979). Upon a determination that the prior conviction is defective in this regard, the conviction is rendered void and cannot be used for enhancement purposes. *Ex Parte Olvera*, 489 S.W.2d 586, 589 (Tex. Crim. App. 1973). The defendant bears the burden of proving, with regard to the prior conviction, that: (1) he was indigent, (2) he was without counsel, and (3) he did not voluntarily waive his right to counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). To meet this burden, the defendant must rebut the presumption of regularity that applies to judgments and court records. *Campise v. State*, 745 S.W.2d 534, 535 (Tex. App.—Houston [1st Dist.] 1988, no writ). Based on this presumption, recitations in court records are presumed to be valid in the absence of affirmative proof of their falsity. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). In the absence of such proof, the "bald assertions by an accused that he was without counsel at his prior convictions are insufficient to overcome" the presumption. *Maddox v. State*, 591 S.W.2d 898, 903 (Tex. Crim. App. 1979).

The written plea offer in this case, which is part of the New York court's record, establishes that Johnson was represented by counsel during the 1992 proceeding. *See Maddox*, 591 S.W.2d

at 900 (defendant presumed to be represented by counsel during guilty plea proceedings where docket sheet and plea document recited name of defendant's counsel); *Omolene v. State*, No. 01-99-00579-CR, 2000 WL 1678446, at *1 (Tex. App.—Houston [1st Dist.] Nov. 9, 2000, pet. ref'd) (mem. op., not designated for publication) (presumption of regularity applicable to recitals in plea offer document contained in trial court record); *Ross v. State*, Nos. 05-01-00760-CR, 05-01-00761-CR, 2001 WL 1662634, at *1 (Tex. App.—Dallas Dec. 31, 2001, no pet.) (mem. op., not designated for publication) (same). Johnson has brought forth no evidence, other than his own affidavit, to support his contention that he was not represented by counsel. Accordingly, Johnson has failed to meet his burden of producing evidence to rebut the presumption that the New York court records, showing that Johnson was represented by counsel, are accurate. "To hold otherwise would allow the mere assertions of a defendant to invalidate [a conviction] obtained nearly twenty years ago." *Disheroon*, 687 S.W.2d at 334. Johnson's second issue is overruled.

## CONCLUSION

In conclusion, we hold that Johnson's 1992 conviction for DWAI in New York was properly used to enhance his DWI conviction under Section 49.09(b)(2) of the Texas Penal Code. The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH