People v Riera (2024 NY Slip Op 51563(U))

[*1]

People v Riera (Jodi)

2024 NY Slip Op 51563(U)

Decided on November 18, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 18, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570754/19

The People of the State of New York, Respondent, 
against
Jodi Riera, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered November 14, 2019, after a jury trial, convicting him of driving while intoxicated per se, driving while intoxicated and driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered November 14, 2019, modified, as a matter of discretion in the interest of justice, to vacate defendant's conviction of driving while ability impaired and to dismiss the count of the accusatory instrument relating thereto; as modified, judgment of conviction affirmed.
The verdict convicting defendant of driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]), driving while intoxicated (see Vehicle and Traffic Law §1192[3]), and driving while ability impaired by alcohol (see Vehicle and Traffic Law § 1192[1]) was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Defendant's vehicle was speeding and swerving outside of its lane of traffic at approximately 2:00 am, his eyes were red and watery, he was unsteady on his feet, there was a strong smell of alcohol coming from his breath (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]), and his blood alcohol content, as measured by the Intoxilyzer 5000 EN, was an "insufficient sample" reading of .11 percent (see Vehicle and Traffic Law § 1192[2]; People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136 [1986]).
However, driving while ability impaired is a lesser included offense of the charge of driving while intoxicated (see People v Hoag, 51 NY2d 632, 634 [1981]). Since the defendant's conviction of a greater count is deemed a dismissal of a lesser count pursuant to CPL 300.40(3)(b), we vacate the defendant's conviction for driving while impaired.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 18, 2024